May it please this Court, my name is Jessica Buell, and together with Stephen Manning and Jennifer Rotman, we represent the plaintiff, Mr. David Fallin, in this appeal. I would like to reserve three minutes for rebuttal. This is an appeal from the Immigration Agency's denial of a spousal I-130 petition. We have a bit of a question right off the bat, if you could just help us as you make your argument. My understanding is that the district court remanded to the agency. You appealed from the district court order. Meanwhile, the agency went ahead and implemented the remand, isn't that correct? The agency reaffirmed the October 2003. So you now have a new ruling, a ruling from the CIS, as I understand it, correct? That ruling is a reaffirmation of the October 2003, so I wouldn't characterize it as a new decision. You think it's not? You don't think you can appeal, go back to the district court to pursue whatever remedies you have under the APA at that point? The October 2007, excuse me, the January 2007 decision doesn't implicate this court's jurisdiction over the October 2003 denial. The district court's decision was final, and it was a remand, but the issues that were remanded were the same issues that were denied in the original October 2003 decision. So because Mr. Fallon was the losing party on those issues, they're properly before this court. But you would have to presumably, if you wanted to challenge the recent decision, you couldn't do that here because it's never been an issue here. You'd have to do that in the district court, right? Right. We're challenging the October 2003 denial. Well, I understand that, but, so the result of that is that you're going to now take this case and split it in two, essentially. No, because the January 2007 denial is denied on the same exact grounds as the October 2003. They were merely reaffirming that this was the first. So you're essentially saying that you have no separate authority to challenge. Are you asking us now to reach the validity of that order? No. No? So we are splitting the case in two. No, because if this court vacates, if this court finds a Mr. Fallon's order and vacates the October 2003 decision, that reaffirmation would also be vacated. Why? Who says so? Because it's a reaffirmation. It's the same original decision. That may be good logic, but it's not very good authority. I mean, somebody with authority has to vacate the order, otherwise you're stuck with it, right? And you're telling us that the administrator is going to vacate that order if he sees some result here in connection with that one? We don't know that. And I take it that you have not appealed that one? That decision is still right before the agency. And it's not final? It is final. Has it been appealed to the... No, there's been a motion for reconsideration, but that decision is also before the agency. But there's... There's a time for appeal. The time for appeal has not run. Well, there's no appeal that needs to be taken from that decision, other than to go into... Well, one of the issues that you present here, in support of your argument that we have jurisdiction, that this court has jurisdiction, is an assertion that this issue is non-reviewable in any other forum. That's correct. True?  And you're telling us now that an appeal, from what the agency did on remand, would not resurrect these issues? No. Well, that... The January 2007 decision... There's a series of decisions that have come out of this I-130. And that reaffirmation is just one of those decisions. So there was a notice of intent to deny. There was the October 2003 denial. And there was the January 2007 reaffirmation. But all of those... But they're all premised. Right now, the issues that you're asking us to review are a credibility issue. And what else? And the proper inquiry into a bona fide marriage determination. Okay. And those are both ingredients of the January 2007 order, right? Because they're a credibility determination that you're challenging. And they're assuming, presumably they're applying the same standard that they applied before, which you objected to. Right? Is that right? So they're both incorporated in the January 2000 decision. That decision is incorporating the October 2003 decision. I'm sorry? Was that your question? No. The two issues that you are raising here are incorporated in the January 2007 decision. Right. They don't make any new fact-finding. I understand that. But they assume that. They assume that, right? And so, absent some preclusion problem, presumably if you challenge that decision in the district court, you will be able to challenge those issues as well. No? My last point would be that that January 2007 decision, the immigration agency didn't have authority at the time to make that. Because when we appealed the district court's decision, jurisdiction rested in the Ninth Circuit Court of Appeals. And it was only nine months after Well, unless we lacked jurisdiction, which we probably did at that point, although not now. That makes it complicated, too. I mean, this is just a big jurisdictional mess. By the way, why are we being informed of this so late? This happened in January. We just had a 28-J letter supplement, didn't we, that raised this? Why wasn't this brought up earlier? I apologize. I said it wasn't brought up earlier. You do appreciate it sort of creates an interesting procedural mess, as Judge Berzon put it. You don't know what the effect of the January order is. You're assuming it's a reaffirmation. And that, what would be your position, then, if we deny relief on the merits here? Will you then do what with the January order? You would appeal that to the district court and try to attack that? Well, then we would have the October 2003 denial. Yes. There's also a subsequent I-130 approval that was done by the agency in November 2004. And since then, there's been a new adjustment application. So that would go forward. Could you explain concisely why this credibility determination, these issues that you're raising now matter anymore in light of the new I-130? They matter for two reasons. The first reason is that with the adjustment application, so Ms. Fallon's application for her residency, both parties' credibility is a factor in that because the agency has decided that she would need a hardship waiver based on the misrepresentation. And that hardship waiver is dependent on Mr. Fallon's statements about his hardship. So both their credibility is going to be a factor in that determination. Also, with the approved I-130 that we have... Meaning simply that generally credibility would be an issue or the adverse credibility determination is somehow preclusive or determinative. His statements are going to be the most relevant evidence in that determination. These very statements or some statements that he makes? His statements about his hardship. And so why does it matter that he was found not credible about something else? Because under this circuit's credibility laws, if a person's found to have made material misrepresentations, the agency can disregard their other material statements. So it's not because anything about this particular decision is self-preclusive. You're just concerned that if he's been held to have been not credible under some circumstance, that will support him being held not credible under other circumstances. Well, the adjustment application flows from the I-130. So they were submitted together. So in order for Ms. Fallon to prevail on her adjustment application, his credibility will be a factor. But not his credibility as to the origins of the marriage? Well, yes and no. Because with the subsequent approved I-130, that's dependent on his statements as well. And so that I-130, if there's a denial of the original I-130 based on... But there isn't one. Oh, if he denied the original I-130. Based on his incredible statements, then that denial, that decision isn't vacated. Then the subsequent approved I-130 is called into question under 8 U.S.C. 1154. Has anybody called it into question? No. The agency hasn't. Well, aren't you just asking for trouble then? I didn't ask for trouble. Aren't you just asking for trouble? I mean, why don't we just forget about this earlier credibility determination? No one seems to be interested in it anymore, except you. Because at any time, if the agency does call into question the validity of that I-130, the subsequent I-130, they can rescind that I-130. So it will continue to be a disability, a legal disability. Does it make any sense to send this case off to mediation and see if you guys can agree on a procedural way through this morass that, I mean, for example, that the agency will not challenge the second I-130 if they'd be willing to agree to that instead of raising all these hypothetical possibilities? And I'm out of time. I just wanted to answer that question. Our position is that this court does have jurisdiction based on that remand order. And our request would be to vacate the first I-130 and also to reverse the adverse credibility determinations. We think that's the best way to do it. But we have substantial doubts. I mean, I'm now developing more doubts than I had before as to whether there's even any pertinence to that credibility determination anymore. Why don't you think about Judge Berzon's question. We'll see if the agency has any thoughts.  Thank you. May it please the court, Kelly Zusman, appearing on behalf of the United States. I guess you didn't want to tell us about that January order either. I'm sorry? I guess you didn't want to tell us about the January order until late either. Why was that? I apologize for the delay. I did want to tell you about the January order, which is why I filed the motion when I did. I was assigned to this case. I was not the original attorney who had it, the attorney who originally had the case retired. And it was simply a matter of trying to get through all of those brand new cases that caused the delay. So my apologies. It should have been provided to you earlier. Does this credit, aside from all the jurisdictional confusion, do the issues that are trying to be raised now make any difference anymore? And I believe they do. And that's where I hope the court received the letter that I sent along with the notice of supplement. And that's for this reason. I conferred with the agency and they could not tell me that the adverse credibility finding as to Mr. Fallon and the sham marriage finding would not in some way implicate or have an effect on future petitions or future relief that Mr. Fallon might seek. So there is that possibility. Now, the second I-145, it was filed on behalf of Mr. Fallon. Such as what? I mean, only in a sort of evidentiary way, i.e., you lied before, so you're lying again? Or because the actual determination that was made is going to have some ramifications? The actual determinations that were made in October of 2003 will carry over. They will have ramifications for both Mr. and Mrs. Fallon. Such as what? Such as they're pending I-145 and 601 petitions, where Mrs. Fallon is still attempting to adjust her status despite the sham marriage finding. And in order to do that, she's got to establish extreme hardship. And that will be an extremely fact-dependent. And if she didn't have the sham marriage finding, then she wouldn't have to do that? Correct. Okay. Now, the district court found that both of them were lacking in credibility. That's correct. And whatever we have in front of us, we do not have the credibility of the wife. That's also correct. And for whatever ramifications that has, it has as to her, no matter how this case turns out. That's also correct. So when she petitions, she petitions with this adjudication that she is incredible on this subject matter. Now, by the same token, she's not a party to this proceeding. Correct. And while the agency may tell you that the results of this proceeding will have some spillover, it's not clear to me that that's legal. Because she is a bystander here who has been caught in the crossfire and found, rightly or wrongly, to be a liar. But she has no say as an advocate here. Now, it doesn't pose much of a threat to, at least in my mind, that we ought to adjudicate this on her behalf or, for that matter, on his behalf because he's not going to be a party to her proceeding. Right? He will be in the sense that he is the affected spouse who will be submitting evidence. Well, but he'll not be a party. He doesn't have any standing to say, I want a petition to be an affected spouse. That's correct. She has to make the petition, and he's not a party, and he can't control that litigation. Now, what I'm having difficulty with is all of this has been kind of churned around to where one side wins in one forum, then the other side wins in another forum, and then by keeping this litigation going, this petitioner was a winner once if he'd quit, right? On the second adjudication, he won. His second I-130 was granted, but the sham marriage finding was preserved, as was the adverse credibility finding.  What they did was they granted the petition on the basis that the Fallons had established that they were validly married in November of 2004. But if you take a look, and you'll see the second I-130 grant is at SCR 21. What the agency says is that although we believe that now, in November of 2004, this is a valid Well, does that make it a married valid or not? What it means, then, is that the marriage they still believe, because the test for sham marriage under the statute, 1154C, is was it valid at its inception. And the agency is saying, no, we believe you now. We believe that you've reconciled and that this is now a valid marriage. But legally, we all agree the test is, was it a sham when they got married in April of 2001? And the agency says, yes. Okay. Now, I appreciate the court's struggle with the procedural complexity of this. When I first got this case, I had to do a large flow chart in order to track various where we were at the Ninth Circuit and where we were with the agency. Just to frame what I see as the issue here, what we're doing is that we're overlaying the APA onto a very complex set of immigration rules and regulations. I think the district court properly determined that it had APA jurisdiction to review the agency's determination and determine, was it arbitrary or capricious? And is there substantial evidence to support what they did? Now, on two claims, Mr. Fallon did not prevail. And that was his adverse credibility, which Judge Mossman found was adequately supported by the record. And all you need to do is look at pages ER 38 to 42 to see where those misstatements were made. No question, there were misstatements made to the CIS agency. I think we have that. What's the next point? And the next point is that the other claim as to the sham marriage finding, there was nothing arbitrary or capricious about the fact that the agency looked to evidence post-stating the marriage to then determine the validity of the marriage at its inception. Under this court's decision in Bark, that was all the agency could do. And especially since they were married just shortly, a couple of days after Mrs. Fallon arrived here, all they could do was look at acts subsequent to the marriage to determine the marriage's validity at its inception. On the APA claims, the district court correctly found there was nothing arbitrary or capricious, and there was substantial evidence to support the agency. Your procedural position now is that we should reach those questions now. That's correct. So if we disagree with your legal conclusion on either of those, then what do we do? Then I believe it would be a remand to the agency to correct whatever error that you found. So then they would go back through and do the same process that they've done on the remand order from Judge Mossman? Well, the remand order from Judge Mossman was very limited. Judge Mossman only remanded for two issues, and one was their review of documentary evidence. And what had happened was the agency had rejected a number of documents because they weren't notarized, and Judge Mossman said that was wrong. You shouldn't have done that. And there was also an error about the address that the Fallons were using. But on that evidence, on the evidence that you say is limited, what issue did it go to? I'm sorry? What issue did those documents go to? To the validity of the marriage. So they were going to have to revisit what you posited we would be looking at on this appeal, which is whether or not they allocated or they used the evidence under a proper legal standard, whether they were ex post facto impeaching the validity of the marriage at its inception. So now there's more evidence to come in. So presumably the CIS could have, the agency could have decided, oh, now we'll take a look at these documents, and we decide that we change our mind. What does that do to the case that's before us? I think that was theoretically possible, that CIS could have reached a different conclusion based upon the documentary evidence. More than that, we now have this January 2007 order. We have an appeal here from the October 2003 order. If we were to determine, for example, that the credibility determination was wrong, what would we do? Would we vacate the January 2007 order, even though it's not before us? That's correct. The January 2007 order is not before you. What would we do? If we vacated the 2003 order, it doesn't even exist anymore. It was vacated by the district court. Well, I don't know that it was vacated by the district court. Yes, it was. It was literally vacated by the district court. Two portions of it were affirmed. I'm sorry. It was literally vacated by the district court. It doesn't exist anymore. Well, except to the extent that the agency has readopted the conclusion of the other order. All right. So then what? What order are we acting on at that point? You're acting on the order that was affirmed by Judge Mossman. The two decisions. The 2003 order that doesn't exist anymore. But has been reaffirmed or reinvigorated, if you will, by the January 2007 order, which recognizes and the second grant of the I-100. What do you think about the mediation alternatives to see if you guys can come up with some sensible way to deal with this? I can tell you that there has been a discussion about the possibility of resolving this case short of litigation, and at least from my end, that has been unsuccessful. From your end what? From my client's perspective, that has been unsuccessful. That has been a good discussion or not? Has been unsuccessful. Unsuccessful. But has that been with the assistance of our mediation staff or not? I'm sorry? Has that been with the assistance of our mediation staff? I don't believe so, Your Honor, at least not since I've been on the case. Well, we won't ask for any commitment. We often use our mediation staff to see if, in light of what comes out at oral argument, the parties may want to help come to their own conclusion. We're perfectly willing to make a decision. So you've heard the arguments and our questions. We may invite or we may not invite you to consider it, and you can each decide whether or not you want to respond favorably or not. It's up to you. Okay. Thank you. Thank you for your argument. You have a minute. I just have two comments to make about the jurisdiction. Prudential jurisdiction is practical, but the October-January 2007 decision in our position was just a reaffirmation. There was no new fact-finding, no new legal conclusions. So if this Court were to ---- It was a new fact-finding. The new fact-finding was that even taking these new things into account, we come to the same conclusion, but it was based on a different record. Yeah, they did consider the additional affidavits, but they didn't make any other fact-finding apart from that. So if this Court were to vacate the original I-130 decision, it would necessarily flow from that that the October 2000 decision, which was an affirmation of that, would also be vacated. Let's suppose we affirm Judge Mossman. Then where are you with respect to the January order? Blocked? But then the January 2000 decision would be in place. And that's it. And you have no remedies to appeal from that. So we did submit a motion to reconsider or an appeal. On what grounds would you, in light of whatever ---- Assume we decide adversely to you. What could you appeal from that reaffirmation? Nothing, I assume, that was before us on this appeal. Your credibility and your standard arguments would not be able to be relitigated. If this Court reached the merits of those issues, then there wouldn't be further district ---- That would be it. You'd have to come up with something new that arose during the course of the remand hearing to bring another APA action in the district court. That's correct. Am I wrong in believing that the January 2003 order was vacated by the district court prior to the remand? That order was vacated by the district court order. This doesn't exist anymore. It's not there. So how can we be acting on it? It's not there. We're acting on it because it was a remand on the two issues that were denied. But the order doesn't exist anymore. We can't issue an order with regard to an order that doesn't ---- a decision with regard to an order that doesn't exist anymore. I think that goes to the January 2007. So then we'd be acting on the January 2007 order, which technically isn't before us. But if the order was vacated, if the I-130 was vacated, then the January 2007 affirmation was without authority. Okay. That may be. You may have to go to the district court and tell them that. And maybe we just don't do anything now and you go back there and you still have your issues aren't precluded because they're wrapped into the January 2007 order. Well, this is the only forum for us to litigate or to appeal the two grounds that were denied from the district court. You don't think if you appealed from the January 2007 order, if we were to hold we don't have jurisdiction because the early order was not final, you would be able to litigate the issues on credibility and on standard? If this court didn't reach the merits. Yes. I'm assuming that. Yes, and then we would continue to appeal the January 2007 order. So you would have the ability in the renewed appeal or the renewed attack on the January reinstated order to cover the same grounds that you've presented to us on this appeal? Is that yes or no? Yes. All right. Thank you. All right. Thank you both. The case argued is submitted.
judges: Leavy, Fisher, Berzon